UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

───────────────────────────────

PAULA McDONALD,                                            03-CV-0657E(Sr)

                    Plaintiff,                              MEMORANDUM

        -vs-                                                         and

EXPANETS OF NORTH AMERICA,                                       ORDER[1]

                    Defendant.

───────────────────────────────

      Plaintiff Paula McDonald commenced this action against her former employer, defendant Expanets of North America, on August 29, 2003 alleging race discrimination in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §2000e *et seq*. Defendant was served with a Summons and Complaint on October 21, 2003 and has failed to appear, answer or otherwise plead with respect to the Complaint in this action.  Plaintiff moved for Default Judgment on February 5, 2004 and then again on February 27, 2004.  The undersigned denied without prejudice said motions because plaintiff had failed to request an Entry of Default from the Clerk of the Court.  Subsequently, plaintiff requested an Entry of Default, which was recorded by the Clerk of the Court on August 2, 2004.  Plaintiff, on December 10, 2004, filed a Motion for Default Judgment pursuant to Rule 55(b) of the Federal Rules of Civil Procedure ("FRCvP").  For the reasons set forth below, plaintiff's Motion will be denied without prejudice.

───────────────────

     [1]This decision may be cited in whole or in any part.

Under FRCvP 55, district courts may grant default judgment against a party that has failed to plead or otherwise defend. *See Enron Oil Corp.* v. *Masonori Diakuhara*, 10 F.3d 90, 95 (2d Cir. 1993). First, a party moving for default judgment must obtain an Entry of Default from the Clerk of the Court pursuant to FRCvP 55(a). Second, if "the plaintiff's claim against a defendant is for a sum certain or for a sum which can by computation be made certain," the moving party can seek a default judgment from the Clerk of the Court; in all other situations, the plaintiff must seek a default judgment from the Court. FRCvP 55(b). Plaintiff has obtained an Entry of Default from the Clerk of the Court and now seeks default judgment from the Court pursuant to FRCvP 55(b)(2).

Where the moving party seeks default judgment from the district court, FRCvP 55(b)(2) governs and provides that "[i]f, in order to enable the court to enter judgment or to carry it into effect, it is necessary to take an account or to determine the amount of damages or to establish the truth of any averment by evidence or to make an investigation of any other matter, the court may conduct such hearings or order such references as it deems necessary and proper[.]" This language indicates that judgment against a defaulting party should be granted only after careful examination of the moving party's claim by the district court. *See Enron Oil Corp.*, at 96. Indeed, "a defendant's default does not in itself warrant a court in entering a default judgment [because] [t]here must be a sufficient basis in the pleadings for the judgment entered." *Am. Centennial Ins. Co.* v. *Seguros La Republica, S.A.,* 1996 U.S. Dist. LEXIS 7729, at *57-58 (S.D.N.Y. 1996) (quoting *Nishimatsu Constr. Co., Ltd.* v. *Houston*

*Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)); *see also Ghartey* v. *Chrysler Credit Corp.*, 1992 U.S. Dist. LEXIS 18185, at *11 (E.D.N.Y. 1992) (citing *Nishimatsu*).

The district court has the sound discretion to ascertain whether sufficient grounds exist for granting default judgment. *Enron Oil Corp.*, at 95. In exercising this discretion, the district court may evaluate the underlying merits of the substantive claim and should resolve doubt in favor of the defaulting defendant. *Id.* at 96; *Wagstaff-el* v. *Carlton Press Co.*, 913 F.2d 56, 57 (2d Cir. 1990). A district court may also consider, *inter alia*, the possibility of prejudice to the plaintiffs if default judgment is not granted, the sufficiency of the complaint, the possibility of disputed material facts, whether the defendant's default was due to neglect and the strong federal policy favoring decisions on the merits. *Ironworkers Local 6 Health Care Fund* v. *Stumm-Western Const., Corp.*, 1996 U.S. Dist. LEXIS 13624, at *3 (W.D.N.Y. 1996) (denying motion for default judgment to the extent that the record was insufficient to ascertain the amount of damages owed in an ERISA action involving collective bargaining agreements).

Once a court concludes that a defendant is in default, the well-pleaded factual allegations against that defendant are taken as true except as to the amount of damages claimed. *Au Bon Pain Corp.* v. *Artect, Inc.*, 653 F.2d 61, 65 (2d Cir. 1981); *see also Greyhound Exhibitgroup, Inc.* v. *E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992) ("While a party's default is deemed to constitute a concession of all well pleaded allegations of liability, it is not considered an admission of damages."). This does not mean that liability is established merely because of the default, as a defendant cannot be said to "admit"

conclusions of law through default.  *W.A.W. Van Limburg Stirum* v. *Whalen*, 1993 U.S. Dist. LEXIS 8898, at *8 (N.D.N.Y. 1993) (citation omitted).  In other words, "a default is not treated as an absolute confession by the defendant of his liability and of the plaintiff's right to recover."  *Ibid.* (quoting *Nishimatsu*, at 1206 (finding plaintiff's motion for default judgment inadequate where its pleading failed to demonstrate that defendant was liable under the contract)).  Before judgment can be entered, the court must determine whether the plaintiff's factual allegations are sufficient to state a claim for relief on each of the causes of action for which the plaintiff seeks judgment by default.  *Ibid.*  In so doing, the court may exercise its discretion to "require some proof of the facts that must be established in order to determine liability."  *Id.* (citation omitted).  In determining damages not susceptible to simple mathematical calculation, a court has the discretion to rely on detailed affidavits or documentary evidence in lieu of an evidentiary hearing and the moving party is entitled to all reasonable inferences from the evidence it offers.  *See Action S.A.* v. *Marc Rich & Co., Inc.*, 951 F.2d 504, 508 (2d Cir. 1991); *Fustok* v. *Conticommodity Servs., Inc.*, 873 F.2d 38, 40 (2d Cir. 1989); *Au Bon Pain Corp.*, at 65; FRCvP 55(b)(2).

Turning to the facts of this case, plaintiff alleges that she was employed by defendant and that, following her promotion, her supervisors began discriminating against her by assisting and diverting work to other employees.  Plaintiff further alleges that defendant terminated her, claiming a need to "downsize" its Western New York office.  These bare allegations are not sufficient to state a valid Title VII claim.  In fact, it is unclear whether

plaintiff is alleging that she was subjected to a hostile work environment, that she was terminated under circumstances giving rise to an inference of discrimination, that similarly situated white employees were treated differently or that she was retaliated against for complaining about the allegedly discriminatory treatment.  She does not meet her *prima facie* burden under any Title VII theory.

For plaintiff to make a valid claim of race discrimination under Title VII, she must allege that (1) she is a member of a protected class, (2) she was performing her job satisfactorily, (3) she was subjected to an adverse employment action and (4) the adverse employment action occurred under circumstances giving rise to an inference of discrimination or similarly situated white employees were treated differently.  *McDonnell Douglas* v. *Green*, 411 U.S. 792, 802 (1973); *Graham* v. *Long Island Rail Road*, 230 F.3d 34, 38 (2d Cir. 2000); *Reimer* v. *Heritage Asset Mgmt.*, 1999 U.S. Dist. LEXIS 9295, at *11 n.3 (W.D.N.Y. 1999).  Plaintiff does not identify a similarly situated employee nor do her allegations raise an inference of discrimination.  Defendant's reason for terminating plaintiff — downsizing — seems to coincide with the fact that defendant is no longer maintaining a substantial portion of its business in Western New York.  As such, plaintiff does not sufficiently state a claim for relief. *See W.A.W. Van Limburg Stirum*, at *8.

For plaintiff to make a valid claim of hostile work environment, she must show "(1) that the workplace was permeated with discriminatory intimidation that was sufficiently severe or pervasive to alter the conditions of [her] work environment, and (2) that a specific basis exists

for imputing the conduct that created the hostile environment to the employer." *Richardson* v. *New York Dep't of Corr. Serv.*, 180 F.3d 426, 436 (2d Cir. 1999) (alteration in original and quotations and citations omitted).  No such allegations are made here.  Finally, to establish a *prima facie* case of retaliation, plaintiff must show "(1) participation in a protected activity known to the defendant; (2) an employment action disadvantaging [her]; and (3) a causal connection between the protected activity and the adverse employment action." *Terry* v. *Ashcroft*, 336 F.3d 128, 141 (2d Cir. 2003) (alteration in original and quotations and citation omitted).  Plaintiff, although she alleges that she complained about the discrimination, does not allege a causal connection and does not provide the Court with a copy of her alleged complaint letter.  Thus, the Court has no basis upon which to impose liability on defendant.

Plaintiff, in support of her Motion, did not include any information beyond that which was included in her Complaint — to wit, she did not file an affidavit with factual allegations, she did not attach exhibits to her Motion that provided evidentiary support for her assertions and she did not submit a memorandum of law in support of her Motion.  The Court, therefore, has no grounds upon which to grant her Motion for Default Judgment.  Furthermore, the factors a court should take into consideration in deciding on a motion for default judgment weigh in favor of not granting plaintiff's Motion.  *See Ironworkers Local 6 Health Care Fund*, at *3.  In particular, plaintiff will not be prejudiced by the Court not granting her Motion,[2]

---

[2]Plaintiff has the option of amending her Complaint and/or submitting a memorandum of law in support of her Motion for Default Judgment with evidentiary support for her allegations.

plaintiff's substantive claims are insufficient to be viewed as meritorious, plaintiff's Complaint

lacks sufficient allegations for a valid claim under Title VII and defendant's default may be due

to its departure from the Western New York area.  Thus, the strong policy favoring decisions

on the merits warrants a denial of plaintiff's Motion.

Accordingly, it is hereby **ORDERED** that plaintiff's Motion for Default Judgment is

denied without prejudice.

DATED:      Buffalo, N.Y.

June 29, 2005

_____/s/ John T. Elfvin_____

JOHN T. ELFVIN
S.U.S.D.J.